ko

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SILVIA GILLILAND**        )<br>                              )<br>           **Plaintiff,**   )<br>                              )<br>   **vs.**                    )<br>                              )   **Case No. 07-2586-JAR-JPO**<br>**NATIONAL ENVELOPE–LENEXA, LLC and** )<br>**NATIONAL ENVELOPE CORPORATION,**  )<br>                              )<br>           **Defendants.**   )<br>                              ) | |

## MEMORANDUM AND ORDER

The Court now considers defendants National Envelope–Lenexa, LLC and National Envelope Corp.'s Motion to Dismiss Plaintiff's Complaint or, Alternatively, for More Definite Statement (Doc. 5). For the reasons stated in more detail below, defendants' motions are denied.

### BACKGROUND

Plaintiff Silvia Gilliland filed a Complaint against defendants National Envelope-Lenexa, LLC and National Envelope Corp. asserting one claim for sexual harassment under Title VII of the Civil Rights Act of 1964. Plaintiff alleges she was subjected to severe and unwelcome conduct of a sexual nature during her employment with defendants, including sexual comments and innuendo. Additionally, plaintiff complained to defendants' management personnel about the conduct and alleges that no action was taken to resolve the problem, resulting in a hostile work environment. Defendants filed a motion to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e).

**DISCUSSION**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.[1]  A complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[2]  Specific facts are not necessary.[3]  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.[4]

### 1. Motion to Dismiss

A complaint may be dismissed for failure to state a claim upon which relief can be granted.[5]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.[6]  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" or his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[7]  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.[8]  Additionally, a court assumes all well pleaded facts are true and views them

---

[1] Fed R. Civ. P. 8(a)(2).

[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[3] *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

[4] *Swierkiewicz*, 534 U.S. at 512.

[5] Fed R. Civ. P. 12(b)(6).

[6] *Boyer v. Bd. of County Comm'rs of County of Johnson County*, 922 F. Supp. 476, 482 (D. Kan. 1996) (citing *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989)).

[7] *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 268 (1986)).

[8] *Id.* at 1969.

in a light most favorable to the plaintiff.[9]

Defendants' motion to dismiss is denied because defendants have been given fair notice of what plaintiff's claim is and the grounds upon which it rests. Paragraphs 28, 30, and particularly 23 of plaintiff's Complaint give fair notice of the grounds on which the claim rests. Plaintiff claims she was subjected to conduct of a sexual nature, including, but not limited to, sexual comment and innuendo. Furthermore, she informed defendants' management personnel of the conduct and claims no action was taken. Under the liberal standard of notice pleading, plaintiff is not required to give detailed factual allegations about the sexual comments and innuendos to which she was subjected. Although purely conclusory allegations are insufficient, lack of detail does not merit dismissal under Rule 12(b)(6). Looking at the facts in a light most favorable to plaintiff, defendants' motion to dismiss is denied.

### 2.     Motion for a More Definite Statement

A more definite statement of a pleading is appropriate when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."[10] A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[11] Additional details should be elicited through the discovery process.[12]

Defendant's motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is denied. Although more specificity about the comments and innuendos plaintiff claims to have

---

[9] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990).

[10] Fed. R. Civ. P. 12(e).

[11] *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002).

[12] *See PAS Commc'ns Inc., v. U.S. Sprint Inc.*, 112 F. Supp. 2d 1106, 1109 (D. Kan. 2000).

been subjected to would be helpful to identify the issues, it is a matter best left to the discovery process and summary judgment motions. Defendants have sufficient information to reasonably either admit or deny plaintiff's accusations. Thus, defendants are not entitled to a more definite statement and the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss Plaintiff's Complaint or, Alternatively, for More Definite Statement (Doc. 5) is **denied**.

**IT IS SO ORDERED**.

Dated this 2nd day of June 2008.

                                                     S/ Julie A. Robinson
                                                     Julie A. Robinson
                                                     United States District Judge